IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| v. | * |
| | * Crim. No.: PJM 01-284 |
| **DEREK LAVELLE STATEN** | * |
| Defendant | * |

## MEMORANDUM OPINION

Derek Lavelle Staten, *pro se*, has filed a Motion styled Motion for Order Directing Amendment to Presentence Report. ECF No. 265. Having considered the Motion and the Government's response thereto, the Court hereby **DISMISSES THE MOTION WITHOUT PREJUDICE.**

### I.

Staten was convicted by a jury of one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, fifty grams or more of cocaine base, and 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1). On July 26, 2002, the Court sentenced him to 360 months incarceration on Count I, and 360 months concurrently on Count II. Judgment was entered on July 30, 2003. ECF No. 144. Staten appealed, and the Fourth Circuit affirmed. ECF No. 164. Staten filed a Motion to Vacate under 28 U.S.C. § 2255 on January 18, 2005. ECF No. 179. The Court denied the § 2255 motion, ECF No. 200, and on October 5, 2006, the Fourth Circuit denied a certificate of appealablity and dismissed the appeal, ECF No. 208.

On September 2, 2009, Staten filed a Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offenses pursuant to 18 U.S.C. § 3582, ECF No. 235, which the Court denied, ECF No. 242. Staten appealed to the Fourth Circuit, but the Fourth Circuit dismissed the proceeding for Staten's failure to prosecute. ECF No. 260.

On August 19, 2013, Staten filed a motion styled as a "True Rule 60(b)(6) Motion Pursuant to Federal Rules of Civil Procedure." ECF No. 253. The Court construed Staten's motion as one more properly raised under 28 U.S.C. § 2255, and held that the Court lacked jurisdiction to consider a second or successive motion filed under 28 U.S.C. § 2255 where the motion had been certified in advance by a panel of the appropriate circuit court of appeals and found to contain newly discovered evidence bearing on the innocence of the movant, or a new rule of constitutional law, made retroactive to cases on collateral review the Supreme Court, that was previously unavailable. ECF No. 255, at 1-2. The Court dismissed the motion without prejudice because the record did not show that Staten obtained prior authorization from the United States Court of Appeals for the Fourth Circuit.

On August 15, 2014, Staten filed the instant "Motion for Order Directing Amendment to Presentence Report." ECF No. 265.

II.

As with his previous motion, the first issue to be considered is whether Staten's claim is properly raised in a "Motion for Order Directing Amendment to Presentence Report" or in a § 2255 Motion to Vacate. The subject matter of a motion, not the caption assigned to it by a petitioner, determines its status. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998).

Staten incorrectly invokes 18 U.S.C. § 3742 as authority for this Court's review. Section 3742 governs appellate review of a district court's sentencing decisions, and this Court has no

jurisdiction to entertain a motion under this statute. *See United States v. Srivastava*, 2011 WL 3366342, at *2 (D. Md. July 29, 2011) (citing *United States v. Auman*, 8 F.3d 1268, 1270–71 (8th Cir. 1993)). Staten also invokes Federal Rule of Criminal Procedure as authority for this Court's review. However, the Court notes that Rule 36 motions apply only to clerical errors and are not the proper vehicle for challenging the substance of the information in a presentence report ("PSR"). *See United States v. Wilkes*, 376 F. App'x 295, 296 (4th Cir. 2010).

Staten's Motion does request—in part—that certain clerical errors in his PSR be corrected. However, these corrections were made long ago. At the sentencing hearing held on July 26, 2002, the Government and Staten consented to certain modifications to the PSR, which the Court approved. Thereafter, the Government amended the PSR to reflect these modifications. The Government removed the finding that Staten was a career offender, struck references to crack cocaine in the sections for offense conduct and offense level computation, and recalculated his criminal history category. In short, Staten has already received the relief he requests pursuant to Rule 36.

However, the balance of Staten's present motion challenges the propriety of one criminal history point in his PSR that was assigned to a 1993 conviction for "Inflict Corporate Injury on Spouse" in California state court. Staten asserts that this criminal history point was assigned contrary to the guidance set forth in U.S. Sentencing Guideline § 4A1.2(c)(1), and/or was assigned using the modified categorical approach prohibited by the Supreme Court in *Descamps v. United States*, 133 S. Ct. 2276 (2013). Staten argues that on this basis, he should be resentenced under the lower criminal history category of IV. As such, Staten is plainly challenging the underlying criminal case and judgment, not merely seeking to correct a clerical error. Consequently, the pleading is more properly construed under § 2255.

"The Supreme Court has not . . . indicated that *Descamps* applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding." *See Randolph v. United States*, 2013 WL 5960881, at *1 (D. Md. Nov. 6, 2013). The law is well-settled that a district court lacks jurisdiction to consider a second or successive motion filed under 28 U.S.C. § 2255 unless the motion has been certified in advance by a panel of the appropriate circuit court of appeals and found to contain newly discovered evidence bearing on the innocence of the movant, or "a new rule of constitutional law, made retroactive to cases on collateral review the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

Staten neither asserts nor does the record show that he obtained prior authorization to file the present motion from the United States Court of Appeals for the Fourth Circuit. The instant motion will therefore be dismissed without prejudice. **The Clerk shall send him an instructions packet for requesting prefiling authorization from the appellate court**.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a Certificate of Appealability because Staten has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

A separate Order will issue.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

June 11, 2015