IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | Crim. No. **PJM 01-284-4** |
| | * | |
| **DEREK LAVELLE STATEN,** | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Derek Staten was found guilty of conspiring to traffic large quantities of drugs procured in California, transported to Maryland, and prepared here for resale to distributors and users. Staten, who lived in Los Angeles, was integral to this scheme. He acquired the drugs from various sources and sold them to his codefendant Harry White, Jr., first in single kilogram quantities, then in amounts of two to four kilograms and, on at least a few occasions, ten kilograms per transaction. *See* ECF No. 270 (Presentence Investigation Report ("PSR") ¶ 12. A search of Staten's residence, described as a "clubhouse," uncovered $77,000 in money transfers, a loaded 9mm firearm, and an extended clip for a TEC-9 semi-automatic pistol. *Id.* at ¶¶ 14-15.

On May 2, 2002, a jury found him guilty of conspiring to distribute and possessing with intent to distribute five kilograms or more of cocaine, fifty grams or more of cocaine base, and one hundred kilograms or more of marijuana in violation of 21 U.S.C. § 846 (Count 1) and possessing with intent to distribute five hundred grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 2). *See* ECF No. 144.

On July 30, 2002, the Court sentenced Staten to 360 months imprisonment on each of the two counts, to be served concurrently, and a total of 10 years supervised release. *See* ECF No. 144. The thirty-year term of incarceration was the lowest possible under the Sentencing Guidelines at

1

the time. *See* PSR ¶ 65. On February 28, 2017, the Court reduced Staten's sentence to 292 months imprisonment pursuant to Amendment 782, which retroactively adjusted downward the offense level for certain drug offenses. ECF No. 295.

More recently, on April 9, 2020, Staten filed a Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act, seeking his immediate release. ECF No. 312. The Court denied the motion on June 8, 2020. ECF No. 326. Between filing his First Step Act motion and the Court's decision, Staten informed the Court that he had tested positive for COVID-19 amidst a significant outbreak of the virus at FCI Forrest City Low in Arkansas, where he is housed. *See* ECF No. 322. Staten was at the time asymptomatic, and in the weeks since May 9, 2020 when he tested positive for COVID-19, he has not manifested any of the harmful consequences associated with contracting the virus. *See* ECF No. 329, p. 5; ECF No. 329-2, p. 2. Although the Court factored in the disturbing presence of COVID-19 at Forrest City Low, as well as Staten's own contraction of it, in denying his First Step Act motion, it also suggested that his health concerns "are more properly considered on a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(l)(A)(i)." ECF No. 325; *United States v. Staten*, 2020 WL 3051045 at *5 n.4 (D. Md. June 8, 2020).

On June 24, 2020, Staten filed the Motion for Compassionate Release now before the Court. ECF No. 327. On July 6, 2020, the Government responded in opposition, ECF No. 331, and on July 10, 2020, Staten replied, ECF No. 333.

For the reasons that follow, Staten's Motion for Compassionate Release is **DENIED**.

## I.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the 2018 First Step Act, courts may consider compassionate release "upon motion of the defendant after the defendant has fully

exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). If a defendant has exhausted his administrative remedies, the court "may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that… (i) extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The defendant generally bears the burden of establishing that a sentence reduction is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013); *United States v. Riley*, ELH-16-0402, 2020 WL 3034843, at *5 (D. Md. June 4, 2020).

## II.

There is no dispute that Staten has now "fully exhausted all administrative rights." 18 U.S.C. § 3582(c)(1)(A). Staten submitted that he filed a request for compassionate release to the warden of FCI Forrest City Low on April 26, 2020. *See* ECF No. 329, p. 5; ECF No. 329-5. However, the BOP claimed it was never received, if indeed it was filed at all. *See* ECF No. 331-1 ¶ 5. Nevertheless, on July 6, 2020, Staten emailed a request to the warden through counsel and personally filed a request the following day. *See* ECF No. 333-1, ECF No. 33, p.1 n.1. More than 30 days have lapsed without a response. As such, the Court concurs that Staten has exhausted his administrative remedies.

The parties also agree that Staten's medical ailments qualify as an "extraordinary and compelling" reason for compassionate release. Specifically, the Government notes that Staten has a Body Mass Index ("BMI") of 42.3, which the CDC guidelines indicate is a risk factor associated

with negative outcomes of the virus.[1] Likewise, some judges within this district have found that severe obesity places an individual at high risk for complications if they contracted COVID-19 and thus warrants the requisite finding of extraordinary and compelling reasons. *See United States v. Handy*, ELH-11-358, 2020 WL 4436376 (D. Md. Aug. 3, 2020); *United States v. Collins*, 2020 WL 3960831 (D. Md. July 13, 2020) (finding extraordinary and compelling reasons for a defendant with BMI of 42.9 but noting that "[j]udges in other circuits have found obesity to be a contributing factor (although not individually sufficient)" for such a finding); *United States v. Williams*, PWG-19-134, 2020 WL 3073320 at *4 (D. Md. June 10, 2020) (finding extraordinary and compelling reasons present for a defendant with BMI of 32.5 who had contracted and recovered from COVID-19).

Part and parcel of their assessment is a judgment that testing positive for the virus and fully recovering is not a bar to compassionate release. At least two judges in this district have agreed. *See United States v. Kess*, ELH-14-480, 2020 WL 3268093 at *7 (D. Md. June 17, 2020); *United States v. Williams*, PWG-19-134, 2020 WL 3073320 at *4 (D. Md. June 10, 2020) ("Although recovered, it is uncertain whether Mr. Williams can contract COVID-19 more than once, and the potential long-term effects of the illness are still undetermined").

The Court accepts that extraordinary and compelling reasons for release are present.[2]

---

[1] *See Coronavirus Disease 2019 (COVID-19): People Who Are at Higher Risk for Severe Illness*, Ctrs. for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited Aug 11, 2020) ("Having obesity, defined as a body mass index (BMI) of 30 or above, increases your risk of severe illness from COVID-19").

[2] Staten submits that his documented hypertension additionally supports such a finding. *See United States v. Gutman*, RDB-19-0069, 2020 WL 2467435, at *2 (D. Md. May 13, 2020) (granting compassionate release and stating defendant's "hypertension also potentially puts him at risk"). The CDC currently classifies individuals with hypertension as "might be at an increased risk or severe illness from COVID-19" as opposed to "are at increased risk." *See Coronavirus Disease 2019 (COVID-19): People Who Are at Higher Risk for Severe Illness*, Ctrs. for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited Aug 11, 2020).

## III.

Having done so, the Court turns to the 18 U.S.C. § 3553(a) factors it is obliged to consider pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Those factors include (1) "the nature and circumstances of the offense;" (2) "the history and characteristics of the defendant;" (3) "the need for the sentence imposed;" and (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). The Court may also take into account Staten's post-conviction behavior. *See United States v. Decator*, CCB-95-0202, --- F.Supp.3d ----2020 WL 1676219, at *4 (D. Md. Apr. 6, 2020).

The Court, considering its opinion just over two months ago evaluating Staten's First Step Act motion, finds that little has changed in the intervening weeks to revisit that the § 3553(a) factors weigh against a reduction in Staten's 292-month sentence. *See* ECF No. 325; *United States v. Staten*, 2020 WL 3051045 at *5 (D. Md. June 8, 2020).[3]

The Court found, and still finds, that the quantity of drugs attributable to Staten was astonishing and that his role in the overall trafficking scheme cannot be understated. *See* 18 U.S.C. § 3553(a)(1). Without question, the conspiracy would not have functioned without Staten: he procured the drugs from multiple sources in Los Angeles and orchestrated their sale in several-kilogram quantities to his codefendants, who transported them to Maryland where they were cooked and distributed. *Id.* ¶¶ 11-12, 23. His propensity for involving firearms in his criminal activities is also troubling. Not only did officers discover a loaded 9mm handgun at his "clubhouse"; wiretap evidence exposed his efforts to broker the sale of a TEC-9 and a Tommy Gun and at least two of his prior state convictions involved a firearm.[4] *Id.* ¶¶ 14-15.

---

[3] BOP records reflect that he has a projected release date of June 23, 2022, and a projected home confinement eligibility date of December 23, 2021. *See* ECF No. 329-4.

[4] According to the PSR, Staten participated in robbery of a car at gunpoint and, over a decade later, violated California's felon in possession law when found with a loaded semi-automatic pistol. *See* PSR ¶¶ 34-51.

5

The Court also expressed concern that Staten continues to pose a threat to the safety of the community, noting that he committed the instant offense while on parole for Possession of a Firearm by a Felon. *See* PSR ¶ 53; 18 U.S.C. § 3553(a)(2). The Government argues that finding Staten a danger to the community is grounds alone for denial of his motion because U.S. Sentencing Guidelines § 1B1.13 requires that "the defendant is not a danger to the safety of any other person or to the community" in obtain relief under 18 U.S.C. § 3582(c)(1)(A). U.S.S.G. § 1B1.13(2). As this court has previously stated, in concurrence with judges of this district, its own holding in *United States v. Barringer*, 2020 WL 2557035, at *1 (D. Md. May 19, 2020), and many courts nationwide, in light of the passage of the First Step Act, U.S.S.G. § 1B1.13 and BOP criteria are "helpful guidance" but that a court nevertheless has independent discretion to determine whether there are extraordinary and compelling reasons for release. As such, Staten's potential danger to the community is not dispositive but it does factor heavily into the Court's weighing of 18 U.S.C. § 3553(a)(2).

Seeking to answer the Court's concern over releasing him early, Staten reiterates that he has a mostly positive disciplinary record while incarcerated and has been housed in a low security setting for the past eight years.[5] *See* 18 U.S.C. § 3553(a)(2). Additionally, he proposes that, if the Court does reduce his sentence, that it also impose home confinement as a condition of his supervised release for up to two years – a period comporting with the remaining balance of his sentence. *See* ECF No. 329, p. 2. If released, he says, he plans to reside with his sister, an employee of the Los Angeles District Attorney's Office with a spare bedroom in her home. *See* ECF No. 329-9 (letter from Jennifer Medlock).

---

[5] Staten also reminds the Court that he has earned his GED, been certified as a welder, and volunteered with at-risk youth during his term of imprisonment. *See* ECF No. 329-6.

## IV.

Without citing precedent, Staten also submits that the Court's calculus of the § 3553(a) factors is different when evaluating a motion for compassionate release. Here, he suggests, the Court is not tasked with determining whether his existing sentence is fair "under normal circumstances," but rather whether his health conditions warrant the Court's "mercy" in light of the pandemic. ECF No. 329, pp. 1-2.

To be sure, the Court acknowledges the emergent danger COVID-19 poses in prisons nationwide where it is challenging to maintain social distancing. Indeed, the Court *did* previously take into account the significant outbreak of the disease at FCI Forrest City Low as well as recognizing Staten's underlying health conditions and the fact that he had contracted the virus. *See* ECF No. 325; *United States v. Staten*, 2020 WL 3051045 at *4-5 (D. Md. June 8, 2020). Thankfully, Staten was asymptomatic at the time and has experienced no negative consequences since. Particularly given that he has not and is not experiencing symptoms associated with the coronavirus, there is no indication that he will not receive appropriate medical care at FCI Forrest City Low, if such care becomes necessary. Though compassionate release has, correctly, been granted much more frequently due to COVID-19, the pandemic is still "not tantamount to a 'get out of jail free' card." *See United States v. Spivey*, GJH-14-606, 2020 WL 3618989 at *3 (D. Md. July 2, 2020) (*quoting United States v. Williams*, 2020 WL 1434130, at *3 (D. Md. Mar. 24, 2020)).

In sum, the Court is unpersuaded that Staten's instant Motion for Compassionate Release merits a conclusion different from the one the Court articulated in its opinion on his First Step Act motion, the ink of which has hardly dried. Based on Staten's indisputably serious trafficking offenses and his pattern of serious criminal conduct, the Court finds that early release is not

warranted. *See* 18 U.S.C. § 3582(c)(l)(A). Staten's Motion for Compassionate Release is **DENIED**.

A separate Order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**August 18, 2020**